**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID P. GOMEZ, PETER GOMEZ, SUSAN MEDINA, and ROBERT MARTINEZ, Individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| TOP RANK, INC., EMMANUEL DAPIDRAN PACQUIAO, HOME BOX OFFICE, INC., SHOWTIME NETWORKS, INC., MAYWEATHER PROMOTIONS, LLC, FLOYD MAYWEATHER, JR., AT&T, INC., COMCAST CORPORATION, DirecTV, INC. | ) Case No. 1:15-cv-3982<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

DAVID P. GOMEZ, PETER GOMEZ, SUSAN MEDINA, and ROBERT MARTINEZ, ("Plaintiffs"), by and through their counsel, and respectfully requests this Honorable Court to enter an order, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), certifying the following classes:

Plaintiffs allege Defendants engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and in violation of each of the 50 states and the District of Columbia for violations of the respective statutory consumer protection laws by consciously and deceptively omitting to disclose material facts to Plaintiff and the Class with regard to the Fight in its advertising and marketing of the product, the class consists of all persons who purchased the Fight on or after a date three (3) years prior to the filing of this action.

1

Plaintiffs further allege Negligent Misrepresent against Defendants Top Rank, Mayweather Productions, HBO, and SHO. Defendants Top Rank, Mayweather Productions, HBO, and SHO each breached its duties to Plaintiffs and all potential Class members in several respects. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs and the members of the Class have suffered damages.

Plaintiffs also allege that Defendants' representations created a benefit upon Defendants in which Defendants were unjustly enriched by retaining said ill-gotten benefits, and causing economic detriment, the class consists of all persons who purchased the Fight on or after a date five (5) years prior to the filing of this action.

Plaintiffs further requests that Agruss Law Firm, LLC, Duncan Law Group, LLC, and Cronin & Co., Ltd., be appointed counsel for the classes.

In support of this motion, Plaintiffs state the following:

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of the proposed Class, as defined above, of similarly situated consumers throughout the United States to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper advertising, marketing, labeling, packaging, and sales practices that Defendants engaged in regarding the Fight.

2. Plaintiffs allege that these misrepresentations are actionable as consumer fraud (Count I), breaches of express warranties (Count II), and unjust enrichment (Count II).

## CLASS CERTIFICATION REQUIREMENTS

3. Class actions are essential to enforce laws protecting consumers. As the court states in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004-1005; 574 N.E.2d 760, 766 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection.... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains, which are both handsome and tempting. The alternatives to the class action private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.

4. Recently, the Second Circuit noted that class actions allow for the aggregation of small claims held by many consumers. Denial of certification would lead to a situation where consumers holding a small claim would be less likely to pursue relief give the costs involved, to the benefit of businesses which, in violating the law, obtain a significant financial benefit from their actions without fear of meaningful litigation. *Ross v. Bank of America NA,* 524 F.3d 217 (2d Cir. 2008).

5. **Rule 23(a)(1) – Numerosity:** To satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "When the class is large, numbers alone are dispositive. …" *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the class numbers are at least 40, joinder is generally considered impracticable. *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969).

6. In *Driver v. AppleIllinois LLC*, 265 F.R.D. 293, 300 (N.D. Ill. 2010), the court held:

   > Plaintiffs are not required to specify the exact number of persons in the class; a properly-supported estimate is sufficient. *See Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir. 1989). A court may make common sense assumptions to determine class size. *See Hispanics United of DuPage Co. v. Village of Addison, Illinois,* 160 F.R.D. 681, 688 (N.D.Ill. 1995) (quotations and citations omitted).

7. In *Perdue v. Individual Members of the Indiana Board of Bar Examiners,* 266 F.R.D. 215,

218 (S.D.Ind. 2010), noted:

> The Seventh Circuit has not provided specific guidance about when a putative class is large enough to satisfy the numerosity requirement. However, in [*Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)], the court assumed that fourteen individuals would be insufficient... Similarly, in *Pruitt v. City of Chicago*, 472 F.3d 925, 926 (7th Cir. 2006), the court noted that "joinder of fewer than 40 workers... would be practical" so class certification was inappropriate.

8. Here, it is reasonable to infer numerosity because Defendants are leaders in advertising, marketing, and selling what's been called "The fight of the Century." The numerosity requirement is satisfied.

9. **Rules 23(a)(2) and 23(b)(2) – Commonality and Predominance:** Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law *or* fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

10. The Court in *Hale v. AFNI, Inc.*, 264 F.R.D. 402, 405, 407 (N.D. Ill. 2009), held:

> Commonality generally exists when the defendant has engaged in "standardized conduct" toward the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, [234 F.R.D. 648, (N.D. Ill. 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). ...
>
> Rule 23(b)(3)'s predominance requirement is typically satisfied where the central, common issue is whether the defendant's form letter violates the FDCPA. *See Quiroz v. Revenue Production Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008) (finding that predominance was satisfied where the common question was whether the defendant's form letter violated §1692e); *see also Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418-19 (N.D. Ill. 2007) (finding that predominance was satisfied where class members received "very similar" letters, and the common legal issue was whether those letters violated the FDCPA); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) (same).

11. More generally, *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 334 (N.D. Ill.

1974) held that satisfaction of the predominance requirement of Fed. R. Civ. P. 23(b)(3) "normally turns on the answer to one basic question: is there an essential common factual link between all class members and the defendant for which the law provides a remedy?" *Accord, Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 310 (N.D. Ill. 1995). *See Walker v. Calusa Investments, LLC*, 244 F.R.D. 502, 506-507 (S.D. Ind. 2007) (similar).

12. In this case, the essential fact that links all class members is that all Class members were and are similarly affected by having purchased the Fight as promoted, marketed, advertised, and labeled by Defendants. This, in turn, gives rise to the common legal questions of whether the discrepancy between the representations and the actual product gives rise to claims for consumer fraud or unjust enrichment.

13. The Seventh Circuit has held that the need for "separate proceedings of some character … to determine the entitlements of the individual class members to relief" should "not defeat class treatment of the question whether defendants violates [the law]." *Carnegie v. Household International, Inc.,* 376 F. 3d 656, 661 (7th Cir. 2004). "Once that question is answered, if it is answered in favor of the class, a global settlement … will be the natural and appropriate sequel. And if there is no settlement, that won't be the end of the world. Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to the class members concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." *Id.*

5

14. **Rule 23(a)(3) – Typicality:** Fed. R. Civ. P. 23(a)(3) requires that the claims of a named Plaintiff be typical of the claims of the Class. *Keeler v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998), held that "[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory" (citation and internal quotation marks omitted). *Accord, Driver, supra*, 265 F.R.D. at 304.

15. In the instant case, typicality is inherent in the class definition. Plaintiffs and all Class members have been subjected to the same wrongful conduct because they purchased the Fight that was not as Defendants represented. Plaintiffs and the Class have thus all overpaid for the Fight and/or purchased the Fight that they otherwise would not have. By definition, the members of the Class were subjected to the same practices by Defendants as Plaintiffs, and thus suffered the same violations of law that Plaintiffs suffered.

16. **Rules 23(a)(4) and 23(g) – Adequacy of Representation:** The rule also requires that a named Plaintiffs provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) a plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) a plaintiff must not have interests antagonistic to those of the class. *Rosario*, *supra*, 963 F.2d at 1018; *Accord, Hale*, *supra*, 64 F.R.D. at 406.

17. Both of these considerations are satisfied here. Plaintiffs understand the obligations of a class representative, and have retained experienced counsel. The relief sought by both Plaintiffs and the class members is the same. Given the identity of claims between Plaintiffs and members of the Class, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named Plaintiffs and those of

the Class.

18. **Rule 23(b)(3) – Superiority:** Fed R. Civ. P. 23(b)(3) requires that a class action be the superior method of adjudicating the claims at issue. The court determines the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "[i]nability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members who possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

19. Here, a class action is the only possible means of proceeding. Individual cases are simply uneconomical, because they would require substantial litigation effort to recover a small amount of money. A class action will be an efficient use of judicial resources and will be superior, because there are thousands of class members.

20. Accordingly, all of Rule 23's requirements are satisfied here, and the Court should certify the Classes requested.

21. Plaintiffs are required to file a class certification motion with the complaint under *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and requests leave to file a memorandum after discovery is conducted.

**[INTENTIONALLY LEFT BLANK]**

DATED: May 5, 2015

RESPECTFULLY SUBMITTED,　　　　　　RESPECTFULLY SUBMITTED,

By: /s/ Robert R. Duncan　　　　　　　　By: /s/ Thomas C. Cronin
    Robert R. Duncan　　　　　　　　　　　　Thomas C. Cronin
    Duncan Law Group, LLC　　　　　　　　　Cronin & Co., Ltd.
    161 N. Clark, Suite 2550　　　　　　　　　161 North Clark Street
    Chicago, IL 60601　　　　　　　　　　　　Suite 2550
    Tel: (312) 202-3283　　　　　　　　　　　Chicago, Illinois 60601
    Fax: (312) 202-3284　　　　　　　　　　　Tel: 312-201-7100
    rrd@duncanlawgroup.com　　　　　　　　Fax: 312-201-7101
    IL State Bar: 6277407　　　　　　　　　　tcc@cronincoltd.com
    Attorney for Plaintiffs　　　　　　　　　　Attorney for Plaintiffs

RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4619 N. Ravenswood Ave.
    Suite 303A
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiffs