**FILED**

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MAY 11 2015 TD

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| In re: Top Rank Pay-Per-View Sales Practices Litigation | MDL No. _____ |

15 CV 3982

## MOTION FOR TRANSFER OF RELATED ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407

Pursuant to U.S.C. §1407, Plaintiff Jeremy Tjaden ("Plaintiff") respectfully moves this Panel for an order transferring and centralizing the ten (10) federal action listed in the Schedule of Actions (attached hereto) to the United States District Court for the Central District of California. In support of this motion, Plaintiffs incorporate by reference the accompanying memorandum of law and aver the following:

1. This motion involves: *Tjaden v. Top Rank, Inc., et al.*, No. 15-cv-03419 (C.D. Cal.); *Mahoney v. Pacquiao, et al.*, No. 15-cv-3376 (C.D. Cal.); *Vanel, et al., v. Pacquiao, et al.*, No. 15-cv-00842 (D. Nev.); *Neidl v. Top Rank, Inc., et al.*, No. 15-cv-00849 (D. Nev.); *Gomez, et al. v. Top Rank, Inc., et al.*, No. 15-cv-03982 (N.D. Ill.); *Craig v. Pacquiao, et al.*, No. 15-cv-00629 (E.D. Tex.); *Bobadilla v. Top Rank, Inc., et al.*, No. 15-cv-03187 (D.N.J.); *Johnson, et al. v. Pacquiao, et al.,* No. 15-cv-01307 (D. Md.); *Barrios v. Pacquiao, et al.*, No. 15-cv-02606 (E.D.N.Y.); and, *Jackson v. Pacquiao, et al.*, No. 15-cv-00089 (N.D. Fla.), (collectively, the "Federal Actions").

2. The above-listed actions involve common question of fact that are sufficiently numerous and complex to warrant centralization. All of the cases are premised on similar factual allegations involving Defendants' failure to

disclose the injuries suffered by Defendant Emmanuel "Manny" Pacquiao ("Pacquiao") prior to the fight between Pacquiao and Floyd Mayweather, Jr. held May 2, 2015 in Las Vegas, Nevada (the "Fight"). These actions involve similar class definitions (though they vary by state) and bring many of the same causes of action. In each case, the court will be asked to determine substantially similar factual issues. Each of these actions is a putative class action that seeks to represent persons who paid money to watch the Fight on pay-per-view.

3. All Federal Actions are in the early stages of litigation and no discovery or initial disclosures have been made. Defendants have not responded in any action. Accordingly, no substantive rulings have been made yet in any case.

4. Discovery in each case will be substantially identical because many allegations, parties and witnesses are identical. Discovery as to many issues common to all Plaintiffs can and should be centralized in a single proceeding to avoid the inefficiencies and duplication of efforts likely to arise with the Federal Actions pending in eight (8) difference districts.

5. Centralization will prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings (particularly on class action issues), conserve judicial resources, reduce the costs of litigation, minimize the inconvenience to the parties and witnesses, and allow the actions to proceed efficiently to trial. Centralization will also provide a single forum to which future tag-along actions may be transferred to streamline subsequent proceedings and promote judicial economy. Further, centralization will result

in development of a consistent law of the case and the fair and economical adjudication of the actions.

6. For these reasons, transfer and centralization of these actions will promote the convenience of the parties and witnesses and the just and efficient conduct of the action pursuant to 28 U.S.C. §1407.

7. Plaintiffs respectfully request that the Panel enter an order transferring the Federal Actions, as well as any future tag-along actions, to Honorable George H. King presiding in the Central District of California in Los Angeles for centralization of pretrial proceedings. The Central District of California is the superior forum because (1) the Central District of California has the concentration of the most filed cases with two; (2) a substantial amount of important evidence is located in the Central District of California; (3) the Central District of California is geographically convenient to the parties and witnesses in the related actions; and, (4) the Central District of California has a proven track record in handling its case load efficiently and expeditiously.

8. Judge King is a well-respected and experienced Judge and is well fitted to preside over such MDL proceedings. He is not currently presiding over any pending MDLs.

WHEREFORE, Plaintiffs respectfully request the Panel to order the transfer and centralization of the Federal Actions listed in the Schedule of Actions and any future tag-along actions to Judge King in the Central District of California.

Respectfully submitted,

ZIMMERMAN REED, PLLP

Dated: May 8, 2015
/s/ *Hart L. Robinovitch*
HART L. ROBINOVITCH
  E-mail: Hart.Robinovitch@zimmreed.com
BRADLEY C. BUHROW
  E-mail: Bard.Buhrow@zimmreed.com
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
(480) 348-6400 Telephone
(480) 348-6415 Facsimile

CHRISTOPHER P. RIDOUT
  E-mail: c.ridout@rlollp.com
CALEB MARKER
  E-mail: c.marker@rlollp.com
RIDOUT LYON + OTTOSON, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

*Attorneys for Plaintiff Jeremy Tjaden*